*JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

11-CV-4472

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Stanley Gratz, 1042 Corn Crib Drive, Huntingdon VY, 19006

**(b)** County of Residence of First Listed Plaintiff: Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David Annecharico, Pa.ID No. 91122, Sand & Saidel, PC, 113 S. 21st Street, Philadelphia PA 19103

## DEFENDANTS
KVT-TECH, INC., 110 Terry Drive, Suite 200, Newtown, PA 19040

County of Residence of First Listed Defendant: Bucks
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. § 201, et. seq. (FLSA)
Brief description of cause:
Failure to Pay Overtime Wages

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 7/13/11
SIGNATURE OF ATTORNEY OF RECORD

JUL 13 2011

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

11-CV-4472

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Stanley Gratz, 1042 Corn Crib Drive, Huntingdon Vy, 19006

Address of Defendant: KVK-TECH, INC., 110 Terry Drive Suite 200 Newtown, PA 19040

Place of Accident, Incident or Transaction: 110 Terry Drive Suite 200 Newtown, PA 19040
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) UNKNOWN   Yes ☐   No ☐

Does this case involve multidistrict litigation possibilities? UNKNOWN   Yes ☐   No ☐

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et. seq. ("FLSA")
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                         Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JUL 1 3 2011

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/13/11   _____   91122
                 Attorney-at-Law            Attorney I.D.#

CIV. 609 (6/08)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Gratz                                            :        CIVIL ACTION
                                                 :
                v.                               :
                                                 :
Kok - Todd                                       :        NO. 11-CV-4472

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus — Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security — Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                   ( )

(c) Arbitration — Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos — Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management — Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management — Cases that do not fall into any one of the other tracks.   (X)

7/13/11                    /s/                         Stanley Gratz
Date                       Attorney-at-law             Attorney for

215-851-0990, 3327         215-851-0990                dannecharin@sondsakel.com
Telephone                  FAX Number                  E-Mail Address


(Civ. 660) 10/02

JUL 1 3 2011

**MAM**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY GRATZ, on behalf of himself and all others similarly situated, | Civil Action No. 11-CV-4472<br>Judge _____ |
| PLAINTIFF, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| KVK-TECH, INC | |
| DEFENDANT | |

## CLASS ACTION COMPLAINT

### Nature of the Action, Jurisdiction and Venue

1. This is an individual and class action under the FAIR LABOR STANDARDS ACT OF 1938, 29 USC § 201, et. seq. ("FLSA") to recover damages for non-payment of overtime wages to Plaintiff and all others similarly situated.

2. Jurisdiction of this court is invoked pursuant to 28 USC § 1331. This action is authorized and instituted pursuant to the FLSA.

3. The actions and policies alleged to be unlawful were committed, among other places, in and around 110 Terry Drive Suite 200 Newtown, PA 19040, where Plaintiff lives and worked for Defendant, and where Defendant operates as a manufacturer of generic pharmaceuticals and, therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Venue is proper.

4. Plaintiff Stanley Gratz (hereinafter referred to as "Plaintiff" or "Gratz") has resided at all relevant times at 1042 Corn Crib Drive, Huntingdon Vy, 19006. Plaintiff was employed by Defendant KVK-TECH, INC. on or about April 19, 2010 until on or about December 10, 2010.

5. Defendant KVK-TECH, INC. (hereinafter referred to as "Defendant" or "KVK") which manufactures generic pharmaceuticals is a Pennsylvania company with offices / outlets in Pennsylvania and maintains a registered office at 1769 Darrah St. Langhorne, PA 19047.

6. Defendant is an enterprise within the meaning of the FLSA.

7. Defendant has annual gross revenues in excess of $500,000.00.

8. Defendant is an employer within the meaning of the FLSA.

9. Defendant is subject to the FLSA.

10. This dispute is subject to the jurisdiction of this Court; there is no valid arbitration agreement signed by Plaintiff to the contrary.

## Background and Statement of Claims

11. Plaintiff worked for Defendant from on or about April 19, 2010 until on or about until on or about December 10, 2010.

12. Plaintiff worked as a Quality Assurance Associate.

13. Plaintiff's primary duty was reviewing documents for errors in format and content.

14. Defendant is a manufacturer of generic pharmaceuticals.

15. Defendant has a location in and around 110 Terry Drive Suite 200 Newtown, PA 19040.

16. Plaintiff was paid a gross salary of $3,750.00 / month.

17. There are in excess of 100 employees in various offices throughout Defendant's operations who perform the same or similar duties and functions as Plaintiff: Quality Assurance.

18. The other Quality Assurance Associates are also paid a salary, comparable to Plaintiff's, plus commissions.

19. Plaintiff normally worked approximately fifty (50) hours per week.

20. The other Quality Assurance Associates have also worked in excess of 40 hours in many work weeks.

21. Plaintiff did not make decisions relative to policy or practice and did not exercise independent discretion.

22. Plaintiff did not supervise two or more full-time employees.

23. Plaintiff was directly involved in production.

24. Plaintiff did not meet the administrative exemption, or any other exemption, under the FLSA.

25. Other Quality Assurance Associates do not make decisions relative to policy or practice and do not exercise independent discretion.

26. Other Quality Assurance Associates do not supervise two or more full-time employees.

27. Other Quality Assurance Associates are directly involved in production.

28. Other Quality Assurance Associates do not meet the administrative exemption, or any other exemption under the FLSA.

29. Plaintiff and other sales representatives are non-exempt under the FLSA.

30. Notwithstanding the fact Plaintiff was non-exempt and worked overtime, Plaintiff was paid <u>nothing</u> for the hours worked in excess of 40 hours in a work week.

31. Notwithstanding the fact that other Quality Assurance Associates are non-exempt and work overtime they are paid <u>nothing</u> for the hours worked in excess of 40 hours in a work/week.

32. The company requires its Quality Assurance Associates work overtime.

33. When Plaintiff began work for Defendant on April 19, 2010 there was no time clock or other documented means of recording time.

34. Defendant has never employed the use of a time clock or other documented means of recording time.

35. Management was aware of the overtime hours Plaintiff was working, even though there was not time recording system.

36. Management is also aware of the overtime hours worked by the other Quality Assurance Associates for the same reasons it knew about the overtime hours worked by Plaintiff.

37. Defendant has known since before Plaintiff's hiring that neither Plaintiff nor the other sales representatives are exempt.

38. Defendant has known since at the latest December 10, 2010 that it has been in violation of the FLSA and has acted in knowing and reckless disregard of the FLSA with respect to the classification and payment of Plaintiff and the other sales representatives for overtime.

## Class Action Allegations

39. Plaintiff hereby incorporates Paragraphs 1 through 38 of his Complaint as though the same were more fully set forth at length herein.

40. This is a class of similarly situation non-exempt Quality Assurance Associates who have worked in excess of 40 hours in many work weeks since a yet ascertained moment that is no later than April 19, 2010 who are not paid overtime.

41. The class of similarly situated Quality Assurance Associates are entitled to payment of overtime since a yet ascertained moment at time-and-one-half their regular hourly rate of pay for hours worked in excess of 40 in work weeks.

42. Defendant's violations have been knowing and willful.

43. Prosecuting this case as a class action for similarly situation employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class members.

44. There are in excess of 25 class members, and prosecuting cases individually would be duplicative and would detract from judicial efficiency.

45. There are no conflicts among the class members.

46. Counsel for the Representative Plaintiff, Sand & Saidel, P.C., are experienced in the field of wage and hour law, and class actions, and will fairly and competently represent the interest of the class members.

**Count I: Fair Labor Standards Act (FLSA) – Overtime (Individual and Class)**

47. Plaintiff hereby incorporates Paragraphs 1 through 46 of his Complaint as though the same were more fully set forth at length herein.

48. Plaintiff, and all other similarly situated Quality Assurance Associates are employees of Defendant within the meaning of FLSA.

49. Plaintiff, and all other similarly situated Quality Assurance Associates are non-exempt.

50. Plaintiff, and all other similarly situated Quality Assurance Associates are entitled to overtime at a rate of time-and-one-half their regular rate of pay for hours worked in excess of 40 hours in work weeks since a yet ascertained moment that is no later than April 19, 2010.

51. Plaintiff, and all other similarly situated Quality Assurance Associates have worked in excess of 40 hours in work weeks since a yet ascertained moment that is no later than April 19, 2010.

52. Defendant failed to pay overtime to Plaintiff, and all other similarly situated sales representatives, for hours worked in excess of 40 hours in work weeks since June 2006.

53. Defendant's failure to pay overtime has been knowing and willful.

54. Defendant's failure to pay overtime is a violation of the FLSA.

### Prayer for Relief

55. WHEREFORE, Plaintiff respectfully requests that this Court:

    a. Order Defendant to make Plaintiff, and all others similarly situated whole, by paying overtime wages due; and

    b. Order Defendant to pay interest, liquidated damages and applicable penalties on wages owed; and

    c. Order Defendant to pay the costs and reasonable attorneys' fees incurred by Plaintiff; and

    d. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

SAND & SAIDEL, P.C.
BY: _____
David Annecharico, Esquire
PA ID No. 91122
113 S. 21st St.
Philadelphia, PA 19103
dannecharico@sandsaidel.com
215-851-0200, ext. 3327 / 215-851-9990 (fax)

Dated: 7/13/11